## CIRCUIT COURT OF FAIRFAX COUNTY

Tolson

v.

Secor et al.

October 18, 1994

Case No. (Law) 133238

BY JUDGE THOMAS A. FORTKORT

This case was taken under advisement on September 30, 1994, for consideration of whether the plaintiff's law firm should be disqualified from providing representation to the plaintiff in this case.

The plaintiff police officer, Tolson, was injured during a training exercise on a ladder sold by the defendants to the Capitol Hill Police Department. The defendant claims that an attorney for Tolson, Mr. Levin, represented to the defendant that the present claim would be waived and released in exchange for the defendant providing the name and address of the ladder's manufacturer. Mr. Levin then worked for Chaikin & Karp, P.C., but no longer does. Chaikin & Karp continues to represent Tolson.

The only evidence of this claimed release is a letter from the president of defendant Secor to plaintiff's counsel wherein the defendant claims that Mr. Levin orally made the release. Chaikin & Karp have proffered affidavits from attorneys in the firm and from Mr. Levin himself disavowing any knowledge of a release and affirming that none of the attorneys have any personal first hand knowledge of the facts of this case.

Secor claims that it will have to call the attorneys as witnesses to establish the existence of the release, resulting in an impermissible conflict for Chaikin & Karp, requiring their disqualification from representation of Tolson.

In the latest Legal Ethics opinion to address the topic of attorney as witness, the Legal Ethics Committee of the State Bar confronted a hypo-

thetical wherein one party to an action threatened to call the opposing party's attorney as a witness in the case.

The Committee, in L.E.O. No. 1517 (April 12, 1993), had this to say regarding the potential attorney witness problem:

> the committee believes that the threat by an opposing counsel to call an attorney as a witness is not *per se* sufficient to require the attorney's withdrawal from the case. Instead, the committee opines that the plain language of D.R. 5-102(B) allows the attorney to continue representation of his client, even if called to testify by opposing counsel, until it is apparent that the attorney's testimony is or may be prejudicial to his client.

In the case before this Court, it is not clear to the Court that the testimony the defendant hopes to elicit from plaintiff's counsel "is or may be prejudicial." Since Mr. Levin is the attorney who allegedly made the release and since he no longer works at Chaikin & Karp, his potential testimony is irrelevant to this motion to disqualify. As to other attorneys in the firm, their affidavits indicate that their testimony would *not* be prejudicial to Mr. Tolson.

Secor also claims that the neglect of Chaikin & Karp in not answering the defendant's letter constitutes an admission by silence, which admission also will serve to make Tolson's counsel witnesses adverse to their own client's interests. It is true that in Virginia failure to respond to a statement imputing guilt within one's *hearing* may be construed as admitting the substance of that statement. But the cases reviewed by the Court all are premised on such statements being made orally where a direct, immediate response to the speaker would be expected. This was explained by the Supreme Court in *Saunders v. Newsome*, 179 Va. 582, 19 S.E.2d 883 (1942), "where a statement is made, either to a man or within his hearing, that he was concerned in the commission of a crime, to which he makes no reply, the natural inference is that the imputation is well founded, or he would have repelled it." *Saunders* at 592.

This Court is of the opinion that a failure to respond to a letter is not the type of non-response that carries with it the imputation of acquiescence attached to silence when confronted with a face to face verbal accusation. The former lacks the quality of immediacy and direct challenge presented in the latter.

Since this Court is not convinced that the lack of response to the letter in question constitutes a tacit admission, the Court does not find that it "is

or may be prejudicial" to the interests of Tolson in the event Chaikin & Karp attorneys are called as witnesses.

The present motion is premature in that the above-referenced L.E.O. contemplates that an attorney may go so far as to testify at trial and only then if there is or may be prejudice to his client must he withdraw. At this point in the case, there is no apparent prejudice such that the drastic remedy of disqualification is appropriate.

Finally, the Court notes that Chaikin & Karp's ethical responsibilities towards Tolson survive this motion, and they are still bound by the Disciplinary Rules and Legal Ethics Opinions should any real prejudice to Tolson's interests arise.

The motion to disqualify is denied.